# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **STEVEN ELKINS** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **KTH LEESBURG PRODUCTS, LLC;** ) | |
| **LINCOLN NATIONAL LIFE** ) | |
| **INSURANCE COMPANY;** ) | |
| ) | |
|    **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Steven Elkins, by and through undersigned counsel, and for his complaint against the Defendants states as follows:

### PRELIMINARY STATEMENT

This is an action for reinstatement, injunctive relief and damages caused by Defendant KTH Leesburg Products, LLC's in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615 et seq. Plaintiff further brings Alabama state law claims against Defendant Lincoln National Life Insurance Company.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331. The unlawful conduct described herein was committed in the State of Alabama in Cherokee County. As such, venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Steven Elkins, is over the age of nineteen (19) years and is a resident of the city of Centre in Cherokee County, Alabama.

2. Plaintiff is a person entitled to protection pursuant to the provisions of 29 U.S.C. § 2611(2)(A) to be treated as an "employee" within the meaning of FMLA.

3. Defendant KTH Leesburg Products, LLC ("KTH") is a domestic limited liability company. KTH does business and has at all pertinent times done business in this Judicial District. KTH was the "employer" of Plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to the issues raised in this action.

4. Defendant Lincoln National Life Insurance Company (hereinafter "Lincoln National") is a foreign corporation organized under the laws of the State of Indiana and has a principal place of business in the

state of Indiana. Lincoln National does and has at all pertinent times relevant herein done business in this district.

## STATEMENT OF FACTS

5. Plaintiff began working for KTH approximately 11 years ago at its Leesburg, Alabama facility.

6. At all relevant times KTH employed more than 50 people within 75 miles of its facility located in Leesburg, Alabama.

7. Plaintiff worked more than 1250 hours in the 12 months preceding his need for FMLA leave to care for his wife and he was eligible to apply for FMLA.

8. Plaintiff's wife suffers from bipolar disorder and depression. Plaintiff's wife suffers occasional episodes that involve confusion and loss of consciousness. Plaintiff is required to sit with his wife or be at her bedside during these episodes.

9. In or about April 2017, after Plaintiff provided the appropriate documentation from his wife's medical providers, he applied for and was granted intermittent FMLA leave by KTH.

10. Plaintiff exercised that leave throughout 2017 and continued to do so in 2018.

11. Plaintiff was required to contact KTH and let them know when he would be using his intermittent FMLA leave. Plaintiff would call and speak with an employee of KTH who would then note that Plaintiff called in and requested leave. This was the protocol and procedure required of Plaintiff. This leave was then routinely approved without issue.

12. On or about February 14, 2018, Plaintiff was told by a co-worker that the co-worker was informed that employees of KTH wishing to request FMLA leave would now be required to contact KTH and Defendant Lincoln National.

13. Upon learning this, Plaintiff went to management and asked if contacting Lincoln National and KTH was now required of him to obtain approval for FMLA leave. Plaintiff was told that it was now required and was provided a telephone number for Lincoln National.

14. On Saturday February 17, 2018, Plaintiff contacted KTH and spoke with an employee of KTH to inform KTH that he requested leave under the FMLA, just as he had done so for the preceding 10 months. Plaintiff then, as was required by KTH, called the number for Lincoln Financial. Plaintiff's call to Lincoln National was answered with an

automated message that requested Plaintiff "please call back during normal business hours."

15. On Sunday February 18, 2018, Plaintiff contacted KTH and spoke with an employee of KTH to inform KTH that he requested leave under the FMLA, just as he had done so for the preceding 10 months. Plaintiff then again, as was required by KTH, called the number for Lincoln Financial. Plaintiff's call to Lincoln National was answered again with an automated message that requested Plaintiff "please call back during normal business hours."

16. On Monday February 19, 2018, which was President's Day, Plaintiff contacted KTH and spoke with an employee of KTH to inform KTH that he requested leave under the FMLA, just as he had done so for the preceding 10 months. Plaintiff then once more, as was required by KTH, called the number for Lincoln National. Plaintiff's call to Lincoln National was answered yet again with an automated message that requested Plaintiff "please call back during normal business hours."

17. On or about the next day, February 20 or possibly the day after, February 21, Plaintiff called the number provided to him by KTH for

Lincoln National and finally spoke with an employee or agent of Lincoln National. Plaintiff explained that he had been unable to reach anyone February 17, 18 and 19 and reported those hours of leave that he took pursuant to FMLA and that he previously reported to KTH.

18. Plaintiff was terminated on February 28, 2018, allegedly pursuant to KTH's attendance policy for the stated reason that he had accumulated too many points. Specifically, KTH considered the reporting of Plaintiff's absences for FMLA leave on February 17, 18 and 19 to be untimely and, as such, not approved. This was despite Plaintiff's contacting KTH as he had for the preceding 10 months and despite the fact that the number provided to Plaintiff by KTH to report to Lincoln National was not answered by anyone on February 17, 18 or 19.

19. On or about February 21, 2018, Lincoln National wrote to Plaintiff regarding the approved intermittent leave of absence due to care of a family member. That correspondence showed that his FMLA absences on February 6, 9, 10, 14 and 17 were all untimely.

20. Prior to February 14, 2018, when his co-employee mentioned that KTH was now requiring employees taking FMLA leave to contact

      Lincoln National as well as KTH, no one at KTH informed Plaintiff of this change in policy regarding notification and no pamphlet or other material was given to Plaintiff notifying him of this change in policy.

21. KTH pretextually terminated the Plaintiff based on his alleged accrual of attendance points.

22. KTH interfered with Plaintiff's FMLA rights when it terminated his employment and/or refused to allow him to take FMLA leave to care for his wife.

23. KTH pretextually terminated the Plaintiff as a direct result of exercising his rights provided under the FMLA.

## CAUSES OF ACTION

### COUNT ONE
### INTERFERENCE IN VIOLATION OF THE FMLA

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. KTH's requirement that Plaintiff contact both Lincoln National and KTH was not communicated to the Plaintiff until he was proactive and went and asked management about the policy on February 14,

2018. As a result, Plaintiff was terminated based upon an accrual of points that pre-dated his learning that he was required to contact Lincoln National and KTH when he took FMLA leave.

26. KTH's requirement that Plaintiff contact both Lincoln National and KTH when taking FMLA leave constitutes interference with Plaintiff taking FMLA leave time. This is especially true since this policy was not communicated to Plaintiff until after it apparently went into effect and for the ten months prior to his being terminated, Plaintiff was required only to contact KTH when he was taking FMLA leave. As stated above, Plaintiff contacted KTH each of the days that Lincoln National designated as "not timely."

27. KTH's requirement that Plaintiff contact both Lincoln National and KTH when taking FMLA leave when no one was available at Lincoln National to take Plaintiff's phone calls constitutes interference with Plaintiff taking FMLA leave time.

28. As a result of KTH's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## COUNT TWO
## FMLA RETALIATION

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant intentionally and willfully retaliated against the Plaintiff when it terminated him after he exercised his rights under the FMLA.

## COUNT THREE
## NEGLIGENCE

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant Lincoln National was under a duty to provide persons to respond to employees of KTH, such as Plaintiff, who contacted Lincoln National in order to request FMLA leave.

33. Defendant Lincoln National was under a duty to notify Plaintiff that he was required to contact Lincoln National in addition to KTH in order to request FMLA leave.

34. Lincoln National breached the duties it owed to the Plaintiff and, as a proximate cause of that breach, he was damaged.

## COUNT FOUR
## WANTONNESS

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Lincoln National has acted recklessly and in complete disregard for the rights and welfare of the Plaintiff.

37. As a result of the reckless and wanton conduct by Lincoln National, Plaintiff has been caused to be damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays for the following relief after the trial of this matter:

A. Grant the Plaintiff a declaratory judgment that the practices complained of herein are in violation of the Family and Medical Leave Act of 1993;

B. enter an Order requiring Defendant KTH to make Plaintiff whole by awarding him reinstatement to the position he would have had, had he not been terminated;

C. award the Plaintiff back pay, loss of employment benefits;

D. award the Plaintiff front pay;

E. award prejudgment interest, if applicable;

F.   award the Plaintiff compensatory and/or punitive damages;

G.   award the Plaintiff liquidated damages as allowed under the FMLA;

H.   award the Plaintiff his costs and expenses of litigation, including reasonable attorneys' fees.

**<u>PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY</u>**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Mr. Steven Elkins
9 Oakview Court
Centre, AL 35960

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**KTH LEESBURG PRODUCTS, LLC**
c/o Registered Agent
W. Lee Thuston
420 North 20th Street, Ste. 3100
Birmingham, AL 35203

**LINCOLN NATIONAL LIFE INSURANCE COMPANY**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104