# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **STEVEN ELKINS,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **KTH LEESBURG PRODUCTS, LLC; LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) Civil Action No. 4:18-cv-00475-VEH |
| **Defendants.** | ) |

## ANSWER AND DEFENSES OF KTH LEESBURG PRODUCTS, LLC

Defendant KTH Leesburg Products, LLC ("Defendant" or "KLP") answers the Complaint of Plaintiff, Steven Elkins ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

In response to the unnumbered "PRELIMINARY STATEMENT" paragraph, Defendant admits that Plaintiff purports to bring this action against Defendant for violation of the Family and Medical Leave Act of 1993 ("FMLA"), expressly denies that any violation of the FMLA occurred, denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

In response to the unnumbered "JURISDICTION AND VENUE" paragraph,

Defendant admits that this Court has jurisdiction over actions properly brought under the statutes set forth in the paragraph, denies that it violated any of the statutes set forth in the paragraph, and denies the remaining allegations of the paragraph.

## STATEMENT OF THE PARTIES

1. In response to paragraph 1 of the Complaint, Defendant admits, upon information and belief, that Plaintiff is over the age of nineteen (19) years and is a resident of Alabama.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 1 of the Complaint.

2. In response to paragraph 2 of the Complaint, Defendant admits that Plaintiff was an employee of Defendant. Except as expressly admitted herein, Defendant denies the allegations of paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, Defendant admits that it is a domestic limited liability company that does business in the Northern District of Alabama and admits that it was Plaintiff's employer. Except as expressly admitted herein, Defendant denies the allegations of paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Defendant states that it is without information sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of paragraph 4 of the Complaint.

## STATEMENT OF FACTS

5. In response to paragraph 5 of the Complaint, Defendant admits Plaintiff

began working at its Leesburg, Alabama facility approximately 11 years ago. Except as expressly admitted herein, Defendant denies the allegations of paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Defendant admits that it employs more than 50 people within 75 miles of its facility located in Leesburg, Alabama. Except as expressly admitted herein, Defendant denies the allegations of paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, Defendant admits that Plaintiff worked more than 1250 hours and was eligible to apply for FMLA. Except as expressly admitted herein, Defendant denies the allegations of paragraph 7 of the Complaint.

8. In response to paragraph 8 of the Complaint, Defendant states that it is without information sufficient to admit or deny the allegations of the paragraph and therefore denies the allegations of paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Defendant admits that in 2017, Plaintiff applied for and was granted intermittent FMLA leave.  Except as expressly admitted herein, Defendant denies the allegations of paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Defendant admits that Plaintiff exercised intermittent FMLA leave for certain absences in 2017 and 2018.

Except as expressly admitted herein, Defendant denies the allegations of paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, Defendant admits that Plaintiff was required to contact Defendant when reporting FMLA-related absences, affirmatively avers that as of February 1, 2018, Plaintiff was required to contact both Defendant and Lincoln National Life Insurance Company ("Lincoln") when reporting FMLA-related absences, and denies the remaining allegations of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Defendant is without information sufficient to admit or deny what Plaintiff was told by a co-worker on or about February 14, 2018, affirmatively avers that, prior to February 1, 2018, Plaintiff was made aware that he was required to contact both KLP and Lincoln when reporting FMLA-related absences, and denies the remaining allegations of paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, Defendant admits that, prior to February 1, 2018, Plaintiff was made aware that he was required to contact both KLP and Lincoln when reporting FMLA-related absences. Except as expressly admitted herein, Defendant denies the allegations of paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Defendant admits that Plaintiff contacted Defendant on or about February 17, 2018 to report a FMLA-

related absence, is without information sufficient to admit or deny the paragraph's allegations concerning Plaintiff's contact with Lincoln, and denies the remaining allegations of paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, Defendant denies that Plaintiff contacted Defendant on February 18, 2018 to request FMLA leave, affirmatively avers that Plaintiff was not scheduled to work on February 18, 2018, is without information sufficient to admit or deny the paragraph's allegations concerning Plaintiff's contact with Lincoln, and denies the remaining allegations of paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, Defendant denies that Plaintiff contacted Defendant on February 19, 2018 to request FMLA leave, affirmatively avers that Plaintiff worked his scheduled shift on February 19, 2018, is without information sufficient to admit or deny the paragraph's allegations concerning Plaintiff's contact with Lincoln, and denies the remaining allegations of paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Defendant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

18. In response to paragraph 18 of the Complaint, Defendant admits that Plaintiff was terminated on February 28, 2018 for violating Defendant's attendance

policy. Except as expressly admitted herein, Defendant denies the allegations of paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Defendant admits that Plaintiff's absences on February 6, 9, 10, 14 and 17 were considered untimely. Except as expressly admitted herein, Defendant denies the allegations of paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Defendant denies the allegations of the paragraph.

21. In response to paragraph 21 of the Complaint, Defendant denies the allegations of the paragraph.

22. In response to paragraph 22 of the Complaint, Defendant denies the allegations of the paragraph.

23. In response to paragraph 23 of the Complaint, Defendant denies the allegations of the paragraph.

## CAUSES OF ACTION

### COUNT ONE
### INTERFERENCE IN VIOLATION OF THE FMLA

24. In response to paragraph 24 of the Complaint, Defendant incorporates its responses in paragraphs 1-23 above as though fully set forth herein.

25. In response to paragraph 25 of the Complaint, Defendant denies the allegations of the paragraph.

26. In response to paragraph 26 of the Complaint, Defendant denies the allegations of the paragraph.

27. In response to paragraph 27 of the Complaint, Defendant denies the allegations of the paragraph.

28. In response to paragraph 28 of the Complaint, Defendant denies the allegations of the paragraph.

## COUNT TWO
## FMLA RETALIATION

29. In response to paragraph 29 of the Complaint, Defendant incorporates its responses to paragraphs 1-28 above as though fully set forth herein.

30. In response to paragraph 30 of the Complaint, Defendant denies the allegations of the paragraph.

## COUNT THREE
## NEGLIGENCE

31. In response to paragraph 31 of the Complaint, Defendant incorporates its responses to paragraphs 1-30 above as though fully set forth herein.

32. In response to paragraph 32 of the Complaint, Defendant states that the allegations contained in the paragraph are not directed at Defendant and, therefore, do not require a response from Defendant.  To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations, and therefore denies the allegations of the paragraph.

33. In response to paragraph 33 of the Complaint, Defendant states that the allegations contained in the paragraph are not directed at Defendant and, therefore, do not require a response from Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations, and therefore denies the allegations of the paragraph.

34. In response to paragraph 34 of the Complaint, Defendant states that the allegations contained in the paragraph are not directed at Defendant and, therefore, do not require a response from Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations, and therefore denies the allegations of the paragraph.

## COUNT FOUR
## WANTONNESS

35. In response to paragraph 35 of the Complaint, Defendant incorporates its responses to paragraphs 1-34 above as though fully set forth herein.

36. In response to paragraph 36 of the Complaint, Defendant states that the allegations contained in the paragraph are not directed at Defendant and, therefore, do not require a response from Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations, and therefore denies the allegations of the paragraph.

37. In response to paragraph 37 of the Complaint, Defendant states that the allegations contained in the paragraph are not directed at Defendant and, therefore,

do not require a response from Defendant. To the extent a response is required, Defendant is without sufficient knowledge or information to admit or deny the allegations, and therefore denies the allegations of the paragraph.

## PRAYER FOR RELIEF

In response to the unnumbered "WHEREFORE" paragraph located below paragraph 37 of the Complaint, including subparagraphs (A) through (H), Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## JURY DEMAND

Defendant admits that Plaintiff has requested a trial by jury, however, Defendant denies that Plaintiff should be entitled to a jury trial as Defendant has not committed any violation of the FMLA.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy the prerequisites, jurisdictional or otherwise, to bringing some or all of the claims alleged in the complaint.

## THIRD AFFIRMATIVE DEFENSE

Some or all the claims in the Complaint are barred by the limitations period and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Complaint and the relief sought are barred by the doctrine of waiver, estoppel, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Complaint and the relief sought are foreclosed because Plaintiff has not done equity.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was an employee-at-will of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff was eligible for leave under the Family Medical Leave Act, that a request for leave was denied, and/or that Plaintiff was entitled to any protection under said Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to give appropriate advance notice of his need for leave under the Family and Medical Leave Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to follow Defendant's policies and procedures for attendance and for requesting leave.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to follow Defendant's legitimate policies regarding leave under

the Family and Medical Leave Act.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to request all or some leave under the Family and Medical Leave Act for which he claims he is entitled.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant is not guilty of unlawful retaliation or discrimination against Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant likewise pleads in the alternative that Plaintiff would have been treated no differently even if he had not exercised Family and Medical Leave Act rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant denies that the regulations upon which Plaintiff purports to state his claim under the FMLA are valid or enforceable under existing or binding precedence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the damages alleged are too speculative to allow recovery.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff has suffered any damages as a result of any

alleged acts and/or omissions of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Defendant, including Plaintiff's own contributory negligence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff is entitled to recovery of damages or relief in this action because he has failed to mitigate some or all of his alleged damages.

### NINETEENTH AFFIRMATIVE DEFENSE

All of the decisions and/or actions challenged as retaliatory in the Complaint were undertaken for legitimate, non-retaliatory, and non-pretextual reasons.

### TWENTIETH AFFIRMATIVE DEFENSE

In the alternative to the Nineteenth Affirmative Defense, some or all of the decisions and/or actions challenged as retaliatory in the Complaint would have been taken even had the Plaintiff not had the protected status alleged.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant did not act willfully or in reckless disregard of Plaintiff's federally protected rights.

### TWENTY-SECOND AFFIRMATIVE

Plaintiff's claims may be barred by after-acquired evidence.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant expressly denies all allegations not specifically admitted herein.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant reserves all other defenses relating to Plaintiff's claims in his Complaint and reserves the right to assert additional defenses as they become known or available.

*/s/ Ronald Scott Williams*
Marcel L. Debruge (DEB006)
Ronald S. Williams (WIL379)
Meryl L. Cowan (COW015)

ATTORNEYS FOR DEFENDANT
KTH LEESBURG PRODUCTS, LLC

**OF COUNSEL**:
BURR & FORMAN LLP
420 Twentieth Street North
Suite 3400
Birmingham, Alabama 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
Email: mdebruge@burr.com
           scwilliams@burr.com
           mcowan@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 1st day of June, 2018:

W. Whitney Seals  
COCHRUN & SEALS, LLC  
P. O. Box 10448  
Birmingham, Alabama 35202-0448

*/s/ Ronald Scott Williams*
OF COUNSEL